GEORGE L. THATCHER

*v.*

JULIA OLMSTEAD *et al.*

*Filed at Ottawa May 19, 1884.*

1. EVIDENCE IN EJECTMENT—*cross-examination as to source of title under which the respective parties claim.* Where the plaintiff in ejectment files an affidavit that he claims title through a common source with the defendant, and the defendant, or his agent or attorney, denies under oath that he claims title through such source, or states that he claims title through some other source, the latter will not be subject to a cross-examination as to his source of title. Such statement under oath, under section 25 of the Ejectment act, is in the nature of an affidavit.

2. SECONDARY EVIDENCE—*proof of abstract of title.* Where original evidence, such as a deed or other instrument, is lost or destroyed, secondary evidence may be introduced to prove its contents. But an abstract of title of real estate can not be regarded as original evidence. It is but secondary evidence itself, and therefore its contents can not be proven by other evidence in case of loss or destruction.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Messrs. BOUTELL, WATERMAN & BOUTELL, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellant, to recover the south half of a certain lot in Chicago.

But two questions arise upon the record: First, did the court err in denying plaintiff the right to cross-examine defendants' agent, who stated on oath that defendants did not obtain title through a common source; and second, were the contents of an abstract of title competent evidence.

The plaintiff filed an affidavit that he claimed title through a common source with the defendants, to obviate the necessity of showing a regular chain of title from the government to himself. The defendants' agent, however, denied on oath that defendants obtained title through a common source with the plaintiff. When counsel for the plaintiff undertook to cross-examine the agent of defendants upon the question of source of title, upon objection the court ruled that plaintiff's counsel had no right to cross-examine.

Section 25 (Rev. Stat. 1874, page 445,) provides: "If the plaintiff, or his agent or attorney, will state on oath, upon the trial, that he claims title through a common source with the defendant, it shall be sufficient for him to show title from such common source, unless the defendant, or his agent or attorney, will deny on oath that he claims title through such source, or will swear that he claims title through some other source." From the reading of the statute it does not seem to have been contemplated by its enactment that either plaintiff or defendant should be subject to a cross-examination. Nor are we able to perceive that any good could be accom-

plished if a cross-examination was allowed.  We think the common practice, where a plaintiff desired to avail of the statute, has been to file an affidavit that he claims title through a common source, and this of necessity would cut off all cross-examination, as there can be no cross-examination where an affidavit is filed.  And if the practice would deny a cross-examination where an affidavit is filed, why should it be allowed when the party appears before the court and states the same facts on oath?  We do not understand that the statute contemplates that an issue should be formed, and evidence introduced *pro* and *con*, whether the parties claim through a common source.  Such was not the object of the statute.  But on the other hand, where the plaintiff, on the trial, will state on oath that the parties claim title through a common source, the necessity for tracing title from the government to himself is obviated, unless the defendant, or his agent, will deny on oath that he claims title through such common source.  A simple denial on oath is all that is required to prevent plaintiff from availing of the statute.  If it was in issue for trial whether the parties claim through a common source, of course every witness who might testify would be subject to cross-examination.  Yet such is not the case.  An oath of this character is not evidence.  Under the statute, a statement on oath, by either party, is in the nature of an affidavit for a continuance, where no cross-examination is ever allowed.  *Hartshorn* v. *Dawson*, 79 Ill. 109, has been cited as in authority, but the question was neither raised nor decided in that case, and hence the decision can have no bearing whatever.  We think the decision of the circuit court on the point was correct.

We now come to the second question.  The rule is well settled that where original evidence, such as a deed or other document, is lost or destroyed, secondary evidence may be introduced.  But we do not regard an abstract of title as original evidence.  Section 29, of chapter 116, of the Revised

Statutes of 1874, provides that an abstract of title, made in the ordinary course of business, when the originals of any deeds or other instrument in writing, or records of any court relating to any lands, are lost or destroyed, or not within the power of the party to produce the same, and that the records thereof are destroyed, by fire or otherwise, may be used in evidence.  The deed or record is the original evidence, under this statute, and when they are lost or destroyed. and the record thereof also destroyed, then resort may be had to an abstract, made in due course of business, before such records were destroyed, which is nothing but secondary evidence.  If we are correct in this, then what appellant proposed was to introduce secondary evidence of secondary evidence, and we are aware of no rule of evidence under which such testimony was admissible.  As well might a party undertake to prove the contents of a certified copy of a deed, which never could be done.  We are aware of no authority which would sanction the admission of the offered evidence.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*